HENDRY, Judge.
The appellant seeks review of an order of the juvenile and domestic relations court, Dade County, Florida, which order extended the visitation rights granted the mother of the children whose welfare is before the court.
By order dated December 15, 1964, the mother was denied her petition wherein she sought physical custody of her two minor children. She was, however, granted the right to have the children in her possession between the hours of 9:00 A.M. and 5 :00 P.M. every other Sunday. She was further granted the right to have the children for any three day period between December 26 and December 31 as well as the right to have the children for a period of two weeks each summer. The mother was restrained from removing the children from Dade County without first obtaining the court’s permission. No appeal was taken from the above order.
On March 10, 1965, the mother filed a pleading styled, “Petition for Rehearing”, wherein she sought more extensive visitation rights, including overnight privileges, and permission to take the children to the home of their maternal grandparents in New Smyrna Beach, Florida for Easter and other occasional visits.
A hearing was held on April 7, 1965 at which both parents were present with counsel. Although no witnesses were sworn, the court made extensive inquiry into the matter and both parties as well as counsel participated in what we would describe as a hearing on the petition.
On April 12, 1965, the juvenile court entered an order which reads in part as follows:
“It is therefore, CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows: that the mother be granted visitation with the above named children for the period beginning after school on Thursday, April 15, 1965, until noon on Sunday, April 18, 1965; further that the mother is granted permission to take the chil *602 dren during this visitation period, to the home of the maternal grandparents in New Smyrna Beach, Florida; further, that the mother is granted visitation with the children each Saturday unless the children visit the family ranch on those days in which event mothers visitation of every other Sunday will remain in effect; further, that the mother is granted visitation on Mother’s Day;
* * * »
It is this order that appellant appeals. The basis of appellant’s argument is that since the initial order of the juvenile court was not timely appealed, an order granting a later filed petition for rehearing seeking a modification of the original order, can not be supported without a showing of materially changed circumstances.
Our review of the record discloses that the petition was treated by the trial court and the parties as one for modification. As previously noted the parties were represented by counsel and were afforded an opportunity to be heard.
We follow the language of Justice Thornal in Noeling v. State,[1] wherein he stated that:
“ * * * [I]t was the purpose and intent of the Legislature in enacting the (Juvenile) Act * * * to provide a forum which could consider the problems of dependent children in an informal fashion without the necessity of applying the strictness and technicalities that often accompany routine litigation.” [2]
Moreover, the scope of our review is to determine whether the trial court misinterpreted the legal effect of the evidence as a whole or in some fashion departed from the essential requirements of the law.[3]
It is our holding that the juvenile court did not depart from the essential requirements of law and the order of the court is amply supported by the record. The case will therefore stand affirmed.
Affirmed.

. 87 So.2d 593, Fla.1956.

. Id. at 596.

.Supra note 1.